IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:25-cv-00317-CNS-KAS

GREG E. LINDBERG,

    Plaintiff,

v.

HUGH STEVEN WILSON,

    Defendant.

## ORDER

Before the Court are Plaintiff Greg E. Lindberg's Motion for Preliminary Injunction, ECF No. 24, and Motion to Take Judicial Notice of Memorandum of Law Filed in Plaintiff's North Carolina Case, ECF No. 25. For the following reasons, the Court DENIES both motions.

### I.    SUMMARY

You have filed two motions. The first, which seeks injunctive relief, must satisfy four factors. One of these factors requires a showing of irreparable harm. Because you have not made this showing, the Court denies your motion and request for injunctive relief.

The second is a request for the Court to take judicial notice of a document filed in one of your criminal cases in another jurisdiction. Because the motion is filed in support

1

of your preliminary injunction motion, and the Court denies the preliminary injunction motion on a basis separate from the arguments contained in your motion for judicial notice, the Court denies your motion for judicial notice as moot.

## II.  ANALYSIS

### A. Preliminary Injunction Motion

Plaintiff seeks a preliminary injunction "to immediately remove Defendant Hugh Steven Wilson from his trustee positions and replace him with Paladin Management." ECF No. 24 at 1. Defendant opposes, arguing Plaintiff has not met his preliminary injunction burdens. *See generally* ECF No. 30. The Court agrees with Defendant.

To secure a preliminary injunction, a plaintiff must satisfy four factors: "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Denver Homeless Out Loud v. Denver, Colorado*, 32 F.4th 1259, 1277 (10th Cir. 2022) (quotations omitted). "An injunction can issue only if each factor is established." *Id.* (citation omitted).

Defendant argues Plaintiff has not satisfied any preliminary injunction factor. *See generally* ECF No. 30. For the reasons set forth below, because the Court agrees with Defendant that Plaintiff has not met his burden under the "irreparable harm" factor, the Court denies Plaintiff's request for injunctive relief, and declines to consider the parties' arguments regarding the remaining preliminary injunction factors. *See Denver Homeless*, 32 F.4th at 1277 ("An injunction can issue only if *each factor* is established." (citation omitted) (emphasis added).

2

Plaintiff makes two arguments as to irreparable harm: (1) Defendant is engaged in "actions that will cause irreparable harm . . . includ[ing] unauthorized asset transfers and operational changes specifically designed to consolidate his control and obstruct financial oversight"; and (2) "Defendant's actions are unauthorized and threaten significant harm that cannot be remedied by monetary damages alone." ECF No. 24 at 2. The Court agrees with Defendant that this does not establish irreparable harm.

First, as to the asset transfers—for which Plaintiff offers no evidentiary support—these are losses that could be compensated by monetary damages, and thus do not rise to the level of irreparable harm. *See* ECF No. 30 at 14; *Schrier v. Univ. Of Co.*, 427 F.3d 1253, 1267 (10th Cir. 2005) ("It is also well settled that simple economic loss usually does not, in and of itself, constitute irreparable harm; such losses are compensable by monetary damages." (quotation omitted)); *id.* ("To constitute irreparable harm, an injury must be certain, great, actual and not theoretical." (quotation omitted)). The same can be said as to the "operational changes": Plaintiff fails to put forth evidentiary support for this proposition. *See* ECF No. 30 at 14; *Cent. Bancorp, Inc. v. Cent. Bancompany, Inc.*, 385 F. Supp. 3d 1122, 1144 (D. Colo. 2019) ("[T]he Court *must have evidence* of a threatened irreparable harm.") (emphasis added).

Second, as to the claim "Defendant's actions are unauthorized and threaten significant harm" that cannot be compensated by monetary damages, the Court agrees with Defendant that—fatal to Plaintiff's "irreparable harm" arguments and, ultimately, his motion—this is not only a conclusory argument devoid of meaningful analysis, but unsupported by evidence. *See* ECF No. 30 at 14; *Central Bancorp*, 385 F. Supp. 3d at

3

1144; *Springer v. Seventh Jud. Dist. Ct.*, No. 1:23-cv-00499-MIS-JMR, 2023 WL 7130541, at *3 (D.N.M. Oct. 30, 2023) (nothing that because "plaintiff's arguments [were] devoid of the factual and legal analysis necessary to establish" preliminary injunction factor, "plaintiff ha[d] clearly not met its burden" (quotation omitted)).

For the reasons set forth above, Plaintiff has not met his irreparable harm burden. He has therefore failed to show he is entitled to preliminary injunction relief, and the Court denies his preliminary injunction motion. *See Denver Homeless*, 32 F.4th at 1277 ("An injunction can issue only if *each factor* is established." (citation omitted) (emphasis added).

### B. Judicial Notice

Plaintiff next asks the Court to take judicial notice of a lengthy court filing in his criminal proceeding from a separate federal judicial district. *See generally* ECF No. 25. Plaintiff's motion "is filed in support of [his] motion for preliminary injunction and his claims for breach of fiduciary duty and self-dealing." *Id.* at 1. Defendant opposes, arguing fundamentally that the filing is irrelevant. *See* ECF No. 26 at 2. The Court agrees with Defendant. Because the Court denies Plaintiff's preliminary injunction motion on "irreparable harm" grounds, Plaintiff's request for judicial notice—which he argues is "relevant to [his] character in this case"—is denied as moot. ECF No. 25 at 3 (capitalization omitted).

### III. CONCLUSION

Consistent with the above analysis, the Court DENIES Plaintiff's Motion for Preliminary Injunction, ECF No. 24, and DENIES AS MOOT Plaintiff's Motion to Take

4

Judicial Notice of Memorandum of Law Filed in Plaintiff's North Carolina Case, ECF No. 25.

DATED this 4th day of June 2025.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge